**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MARTHA ALDRIDGE et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 08-2019-STA** |
| | ) | |
| **CITY OF MEMPHIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**ORDER REMANDING CASE**
_____

        Before the Court is Defendant City of Memphis' Motion to Dismiss (D.E. # 8) filed on

May 30, 2008.  Plaintiffs responded in opposition to the Motion on March 23, 2009.[1]  Defendant

sought leave and filed a reply brief on April 13, 2009.  For the reasons set forth below, the case

is **REMANDED**.



**BACKGROUND**

        According to their Complaint, all Plaintiffs are sergeants with the Memphis Police

Department ("MPD").  Compl. ¶ 4.  The City of Memphis Charter ("the Charter") makes certain

provisions concerning the MPD and the competitive process for employment with the City.

_____

        [1] Shortly after the filing of the instant Motion, the parties notified the Court of their
intention to pursue mediation.  The Court entered an order on February 18, 2009, directing the
parties to show cause as to why the Court should not administratively close the case during
settlement negotiations.  In the alternative, the Court ordered Plaintiffs to respond to Defendant's
Motion to Dismiss.  The parties appear to agree that their efforts to mediate are complete, and
Plaintiffs have now responded to the Motion.

Section 2-28-2 of the Charter provides for five higher ranks within the MPD: Chief Inspector, Inspector, Captain, Lieutenant, and Sergeant. *Id.* at ¶ 5. The Charter vests the Board of Commissioners with the sole duty to "establish and fix the grades, ranks and classifications of all officers and other employees of the police department of the City of Memphis." *Id.* Section 3-8-4 of the Charter further states that

> all applicants in employment in positions... shall be subjected to competitive job related examinations under such rules and regulations as may be adopted by the director of personnel. The examinations to be provided for shall be of a practical nature and relate to such matters as will fairly test the relative competency of the applicant to discharge the duties of the particular position. No question in any examination shall relate to political or religious affiliations or opinions. The examination shall be conducted or controlled by the director of personnel." *Id.* at ¶ 6.

Plaintiffs allege that the City's Memorandum of Understanding ("MOU") with the Memphis Police Association ("MPA") concerning promotion procedures further supplements the Charter's provisions. *Id.* at ¶ 7.

The City instituted a process in 2005 for the promotion of sergeants to the rank of lieutenant. *Id.* at ¶ 8. The City contracted with the firm of Barrett & Associates to prepare the process and report to the City. *Id.* The testing had three components: a written multiple choice test, an oral test, and a written in-basket test. *Id.* Plaintiffs all participated in the 2005 process. *Id.* at ¶ 9. Following testing, the City determined that the process adversely affected minority candidates. *Id.* at ¶ 10. As a result, the City and its consultant prepared a promotion list based solely on the written multiple choice test and promoted ninety-four (94) sergeants to lieutenant based on that test alone ("the first promotion"). *Id.* The MPA challenged this procedure as a breach of its MOU with the City and invoked the contract's grievance procedure for arbitration. *Id.* at ¶ 11.

2

On January 26, 2006, the arbitrator ruled that the City had violated the MOU and sustained Plaintiffs' grievance over the promotions. *Id*. at ¶ 12. The arbitrator ordered that "class members harmed by the City's actions shall either be retroactively promoted to Lieutenant as they should have been and made whole; or restored to their proper order on the Lieutenant's list for the duration of the two (2) year period described in Ex. U-14, based upon their rank order when all three (3) components of the examination are utilized. The within relief is therefore ordered immediately." *Id*. at ¶ 13. The City subsequently promoted twenty-six (26) additional sergeants to lieutenant in compliance with the arbitration award ("the second promotion"). *Id*. at ¶ 14.

Plaintiffs allege that the City failed to fully comply with the arbitration award because the City failed to promote those sergeants who scored higher than the 94 lieutenants promoted in the first promotion. *Id*. at ¶ 15. According to Plaintiffs, the officer ranked 94th on the first promotion was actually ranked 220th when all three parts of the process were taken into account. *Id*. at ¶ 16. Plaintiffs are those sergeants who ranked higher than 220th on the original process but were not promoted by the City as ordered in the arbitration award. *Id*. at ¶ 17. The City's failure to promote Plaintiffs is a breach of the City's MOU with the MPA, the arbitration award and the Charter. *Id*. at ¶ 18. Plaintiffs also contend that the City's failure to promote them is a violation of § 1983. *Id*. at ¶ 19. Therefore, Plaintiffs seek enforcement of the arbitration award. *Id*. at 5.

Defendant's Motion to Dismiss argues that Plaintiffs' Complaint should be dismissed for failure to state a claim. First, the City contends that Plaintiffs cannot state a claim for breach of contract because there was no enforceable contract between the City and the MPA. The

Plaintiffs rely on the MOU between the City and the MPA.  However, under Tennessee law, an MOU between a municipality and a union representing municipal employees is unenforceable. In so far as Plaintiffs base their breach of contract claim on the terms of the Charter, the City argues that it complied with all of the Charter's provisions relevant to hiring and promotion. Thus, Plaintiffs have failed to state their breach of contract claim.  Second, the City contends that Plaintiffs' § 1983 claims are now time-barred because they were not filed within the one-year statute of limitations.  Even if the claims were timely, Plaintiffs cannot prove a protected property interest to support their Due Process claims.  More specifically, Plaintiffs had no vested property interest in promotion to lieutenant.  Therefore, Defendant argues that all of Plaintiffs' claims should be dismissed.

Plaintiffs have responded in opposition to Defendant's Motion.  Plaintiffs distinguish the line of Tennessee cases which have held that a contract between a municipality and a labor union representing municipal employees is not enforceable by arguing that those holdings are limited to the facts of those cases.  Plaintiffs argue that "two separate documents form the basis for Plaintiffs' claim of breach of contract against the City: the Contract and the Arbitrator's Award." Pls.' Resp. 12.  The MOU and the arbitration award were both binding on the City and constituted express contracts between Plaintiffs and the City.  Tenn. Code Ann. § 29-5-302(a) states that agreements to submit to binding arbitration are enforceable and irrevocable agreements.  Plaintiffs have the further right to bring an action as third-party beneficiaries to seek enforcement of a contract.  As for their § 1983 claims, Plaintiffs argue that the claims are timely because a discrete act, in this case the promotion of Sergeant Joe Griffin to lieutenant

4

effective December 29, 2006, occurred within one-year of Plaintiff's filing their Complaint.[2]

Plaintiffs have stated a claim for the deprivation of a property interest.  The express provisions of

the MOU, the Charter, and the arbitration award all vested in Plaintiffs a property right in the

promotion to lieutenant.  The Charter's provision that the City conduct competitive job

examinations created an implied contract that "if Plaintiffs engaged in the 2005 Process and

performed satisfactorily, they would be promoted pursuant to such process."  *Id*. at 18.

Furthermore, by engaging in binding arbitration, the City entered into an implied contract

"assuring the claimant that a promotion would be forthcoming."  *Id*. at 17.

On April 18, 2009, the parties submitted a stipulation to the Court dismissing Plaintiffs' §

1983 claims against the City.  Therefore, those claims are no longer before the Court.


## **STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief

can be granted" under Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule

12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true

and construe all of the allegations in the light most favorable to the non-moving party.[3]

However, legal conclusions or unwarranted factual inferences need not be accepted as true.[4]  "To

avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential

---

[2] This fact was asserted not in Plaintiffs' Complaint but in their response to the Motion to
Dismiss.

[3] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252,
254 (6th Cir. 1992).

[4] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

5

allegations with respect to all material elements of the claim."[5]  "The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[6]

The Supreme Court has more recently stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[7]  The Sixth Circuit has subsequently acknowledged "[s]ignificant uncertainty" as to the intended scope of *Twombly*.[8]  Consequently, the Sixth Circuit has articulated the following as the standard of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."[9]  Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[10]  A plaintiff is obligated to provide "more than labels and

---

[5] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[6] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[7] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[8] *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 337 (6th Cir.2007) ("We have noted some uncertainty concerning the scope of *Bell Atlantic Corp. v. Twombly,* ... in which the Supreme Court 'retired' the 'no set of facts' formulation of the Rule 12(b)(6) standard ....").

[9] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

[10] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

conclusions, and a formulaic recitation of the elements of a cause of action will not do."[11]

"Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests."[12]  When a pleading contains inadequate factual allegations, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."[13]


## ANALYSIS

This matter was removed from state court because this Court had original jurisdiction pursuant to 28 U.S.C.A. § 1331 over the federal law claims alleged in Plaintiffs' Complaint, namely, their § 1983 claims.[14]  Where the Court has original jurisdiction, the Court may exercise its supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.[15]  The Court is vested with the further discretion to decline to exercise supplemental jurisdiction under certain circumstances.[16]  These include instances when a "claim raises a novel or complex issue of State law" as well as when "the district court has dismissed all claims over which it has

---

[11] *Twombly*, 127 S.Ct. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986); on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

[12] *Id*. at 1965, n. 3 (internal quotations omitted).

[13] *Id*. at 1966.

[14] 28 U.S.C.A. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

[15] 28 U.S.C. § 1367(a).

[16] 28 U.S.C. § 1367(c).

original jurisdiction."[17]  In the case at bar, Plaintiffs dismissed their § 1983 claims by stipulation leaving only their state law contract claims and their claims to enforce the arbitration award.  It is settled law that the district court may exercise supplemental jurisdiction over a state law claim, even after the basis for removal to federal court has been eliminated, "if recommended by a careful consideration of factors such as judicial economy, convenience, fairness, and comity."[18]  Generally, if a federal claim is dismissed before trial, the state claim should be dismissed as well.[19]

The Court finds that in light of these principles, it should remand the remaining state law claims to Tennessee state court.  While it is true that several factors weigh in favor of the Court retaining supplemental jurisdiction over Plaintiffs' remaining state law claims, the Court believes that in this case the remaining contract claims and claims to enforce the arbitration award should be remanded for disposition in state court.[20]  First and foremost, the parties have dismissed the claims over which this Court had original jurisdiction.  This fact alone favors dismissal of Plaintiffs' state law claims.  Second, the Court believes that the remaining claims are governed by Tennessee law and present novel and/or complex issues which are better resolved in the first

---

[17] 28 U.S.C. § 1367(c)(1) & (3).

[18] *See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

[19] *Taylor v. First of Am. Bank-Wayne,* 973 F.2d 1284, 1287 (6th Cir. 1992).

[20] The followings factors weigh against remand.  The case has been pending before this Court since January 2008.  While it is not clear how much discovery has taken place, the parties have already invested significant amounts of time in preparing pleadings and engaging in mediation over a period of many months.  As for the Motion before the Court, the parties have identified and briefed the applicable issues of Tennessee contract law.

instance by the courts of the State of Tennessee.  It appears to be well-settled under Tennessee

law that a municipality cannot enter into an enforceable collective bargaining agreement with its

employees absent some express authority granted by a municipal charter or state statute.[21]  While

the parties' briefs have focused on the enforceability of the MOU between the City and the

MPA, the issues presented in this case are not limited to whether the MOU was enforceable

against the City.[22]  Plaintiffs also seek the enforcement of an arbitration award against the City

which was made pursuant to the arbitration clause contained in the MOU.

The Court finds that the Tennessee courts have never applied Tennessee arbitration law

to a municipal defendant under the circumstances presented in this case.  Pursuant to

Tennessee's Uniform Arbitration Act, arbitration clauses are valid and enforceable "save upon

such grounds as exist at law or in equity."[23]  Additionally, the Act grants the courts limited

authority to review or disturb an arbitration award.[24]  Tennessee courts have also held that a

party who participates in arbitration may not later attack the award on the basis that the party did

---

[21] *Fulenwider v. Firefighters Ass'n Local Union 1784*, 649 S.W.2d 268, 270 (Tenn. 1982)
*Keeble v. City of Alcoa*, 204 Tenn. 286, 319 S.W.2d 249, 251-52 (1958); *Local Union 760 Int'l Bhd. of Elec. Workers v. City of Harriman*, 2000 WL 1801856 at *2- 3 (Tenn. Ct. App. 2000); *Weakley County Mun. Elec. Sys. v. Vick*, 309 S.W.2d 792, 802 (Tenn. Ct. App. 1957).  *See also Kraemer v. Luttrell*, 189 Fed. Appx. 361, 365 (6th Cir. 2006) (rejecting notion that the *Weakley* rule was only dicta and holding that memorandum between county and its sheriffs deputy association unenforceable); Def.'s Mot. Dismiss, ex. 1, *Anthony et al. v. City of Memphis et al.*, No. 92-2535-4BRO, Order on Pending Motions, J. McRae, Dec. 6, 1994, 7.

[22] Plaintiffs refer to the possibility of an implied contract as well.  However, this argument is presented only vaguely with respect to Plaintiffs' breach of contract claim and then as part of Plaintiffs' theory under § 1983. Pls' Brief, 8, 16-18.

[23] Tenn. Code Ann. § 29-5-302.

[24] Tenn. Code Ann. § 29-5-313(a).

9

not consent to arbitrate.[25]  Based on these principles, the Court is hard-pressed to see how it could refuse to enforce the arbitration award against the City.  The City participated in the arbitration and has presented no evidence that it raised the issue of the unenforceability of the MOU prior to or during the arbitration.[26]  However, the Tennessee courts have never considered what preclusive effect a municipality's participation in arbitration might have where the municipality subsequently challenges the enforceability of the underlying arbitration clause.

On the other hand, the Tennessee Supreme Court has held that municipalities may enter into contracts that contain arbitration clauses and will be bound to them only where municipalities have the power to contract.[27]  Furthermore, a contract containing an arbitration clause must be enforceable against the municipality in order for the municipality to be bound by the arbitration clause.[28]  If the Court were to rule that the City had no authority to bind itself to the MOU and its arbitration clause, it is not clear to the Court that the City would be bound by the arbitration award under Tennessee law.  If the municipality was not bound to an arbitration clause, the Tennessee courts have never addressed whether a court could nevertheless compel the

---

[25] *Parr v. Tower Management Co.*, 1999 WL 415169, *4 (Tenn. Ct. App. 1999) ("The (sic) fully participated in the proceeding, testified before the arbitrator, consulted with their attorney before the arbitrator, and uttered no protest which would allow the trial court to vacate the award under Tennessee Code Annotated section 29-5-313 or otherwise").  The Court notes that this same rule has never been applied to a municipality.

[26] In fact, the arbitration award in this case clearly states that "no threshold challenges to arbitrability have been brought."  Ex. 1, Compl., Arbitration Award, 19.

[27] *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 716 (Tenn. 2001); *Anderson County v. Architectural Techniques Corp.*, 1993 WL 346473 (Tenn. Ct. App. 1993).

[28] *Tipton County Dept. of Public Instruction v. Delashmit Elec. Co.*, 1998 WL 158774 (Tenn. Ct. App. 1998); *Blaine v. John Coleman Hayes & Assoc., Inc.*, 818 S.W.2d 33 (Tenn. Ct. App. 1991).

municipality to comply with the arbitration award.

The Court finds that this case presents an issue of first impression under Tennessee law, that is, whether a court may refuse to enforce an arbitration award against a municipality where the municipality submitted itself to arbitration but did so pursuant to an otherwise unenforceable contract with a labor organization.  Under well-established principles of comity and federalism, it is proper that the courts of the State of Tennessee decide this issue under the law of that State. Therefore, in light of the lack of clear guidance from the Tennessee courts, this Court finds that it should decline to consider Plaintiff's supplemental claims because the claims which formed the basis for this Court's original jurisdiction are now dismissed and the remaining claims involve novel and complex questions of state law.  This case is hereby remanded to the Chancery Court of Shelby County, Tennessee.


**IT IS SO ORDERED.**             **s/ S. Thomas Anderson**
                                  S. THOMAS ANDERSON
                                  UNITED STATES DISTRICT JUDGE

                                  Date:   April 28th , 2009.